UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 04CR10309GAO |
| | ) | VIOLATION:    18 U.S.C. § 922(G)(1) |
| V. | ) | Felon in Poss. F/A, Ammo |
| | ) | |
| KURBY DUMORNAY | ) | |

---

DEFENDANT'S DISCOVERY MOTION FOR PRODUCTION OF
DISCOVERY MATERIALS INFORMATION RELATED TO
CONFIDENTIAL INFORMANT

---

Now comes the Defendant and respectfully requests that this Honorable Court

order the production of additional discovery materials related to government's use of a

confidential informant ("CI").   In addition to the production of the CI's identity, the

Defendant requests this Court to order the government to produce additional information

related to the CI.  Such information is necessary as it is potentially exculpatory and

relevant to the issues and related defense(s) in this case.  The Defendant further states that

such information is required to properly prepare and present a defense.  The Defendant

seeks the following information from the government:


1).     Any/all notes/recordings/documents of any kind provided by the CI to the

government pertaining to this Defendant, specifically reflecting the information

pertaining to the firearm (make, model and serial number).

2).     Any promises, rewards or inducements made to the CI.

3).   Any reports or documentation referencing the NCIC inquiry into the serial number of the firearm subject of this case.

4).   Any other involvement of the CI into investigations related to the theft of firearms from the same Alabama pawn shop, that this firearm was allegedly stolen from.

5).   Any secret recordings of surveillance, audio, video or otherwise, by the CI or any other government agent, related to this case.

6).   Any document evidencing a contract between the CI and the government.

7).   Any procedure or protocol requiring CI to promptly to furnish to the government information related to criminal activity.

8).   Disclose CI's prior involvement or criminal history involving firearms whether or not he was ever charged.

9).   Disclose whether CI was facing any allegations/criminal charges during the pendency of this investigation/case.

10).   The identity of the confidential informant.


In support of this request, counsel for the defendant states the following:

The Defendant has been charged with the above referenced criminal docket with being a Felon in Possession of a Firearm and Ammunition. The charges against the Defendant resulted after agents of the Bureau of Alcohol, Tobacco and Firearms executed a search warrant approved by this court on March 8, 2004.  This court approved the search warrant on the basis of information provided to an ATF agent by "a confidential and reliable source ("CI").  The attached affidavit described this CI as a paid informant of the government with a criminal record and a prior history of substance abuse.

According to the affidavit, the CI had "seen DUMORNAY carrying a firearm on two occasions within the past 40 days." The CI did not disclose this information to the ATF agent until February 26, 2004, forty days after allegedly making such observations. On that date the CI told the agent that the CI "saw Dumornay display the firearm to a number of individuals in the Brockton area while outside of his house." Although not included in the affidavit but according to the agent's report, the CI also provided the agent with the make, model and serial number of the firearm. How the CI was able to observe, record and recount this information is not explained. The government is uncertain how such information was provided to the agent.

Although reliability of an informant was suggested in the affidavit, the agent cannot "cast a blind eye" to other information that would call into question whether a CI is reliable. The fact that a CI has provided information that in the past has proven true does not mean that all such further information is inherently reliable. The information sought by the defendant only seeks to establish that the information provided was not reliable and the agent's decision in relying on it was not reasonable. Finally the presentment of such information in the affidavit failed to present a full picture on which a determination of probable cause could be made.

The make, model and serial number of a firearm are not easily discernable by casual observation. Further the observation of a serial number which is later recounted forty days later should require additional scrutiny. It is noteworthy that such purported observations were not provided in the affidavit.

The defendant further seeks such information to support his position that the CI entrapped the Defendant. Not even the agent would suggest that the CI was reliable if he knew the defendant was involved in providing the firearm to the Defendant. The CI's false statements to the agent were necessary to explain why the CI had such intimate details of the firearm which would not have been so easily determined by an observer.

By failing to include the information of the CI being able to learn the make, model and serial number by casual observation, the Court was deprived of asking the same question i.e. how would the CI have been able to get that information. Further, by failing to include such information in its affidavit, the search warrant was allowed as to any firearm rather than the one that the CI specifically described.

The defendant seeks production of these materials to adequately and effectively prepare a defense. The affidavit that formed the basis of the search warrant would not have issued without this court accepting the agent's representations that the CI was in fact "reliable." The defendant seeks to discover additional information related to the CI to show that the CI's information was not reliable as it was not provided to the agent in a timely fashion as required nor was the serial number memorialized in any way. Further, the defendant intends to rely on the defense of entrapment and believes the CI effectively entrapped him and then misled the government as to how he learned the make, model and serial number of the firearm. The Defendant's intention in seeking such discovery is to show that the agent was misled and/or unreasonably relied on the representations of the CI.

The right of the government to refuse to produce information relating to a CI is not absolute. If this Court finds that the identity of the CI should be protected, the government can still be compelled to produce those materials, documents, etc. in redacted form to protect the identity of the informant but also provide the Defendant the ability to adequately present a defense.

For these reasons, counsel for the Defendant respectfully requests this Court order the production of these materials.

FOR THE DEFENDANT,

WILLIAM M. McCAULEY
Beckerman, Bomberg & McCauley
35 Samoset Street
Plymouth, MA 02360
Tel.: (508) 746-8900
Fax: (508) 746-4455

## CERTIFICATE OF SERVICE

I, William M. McCauley, as counsel for the defendant in the foregoing matter,

hereby certify that I have this date served a copy of the Defendant's motion for discovery

by mailing, first class mail, postage prepaid, a copy directed to

William Connolly
Assistant United States Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way, Boston  02210

Signed under the penalties of perjury this  27th day of  May 2005.

_____
William M. McCauley
Beckerman, Bomberg & McCauley
35 Samoset Street
Plymouth, MA  02360
(508) 746-8900