UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10309-GAO |
| | ) | |
| KURBY DUMORNAY | ) | |
| | ) | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S DISCOVERY MOTION

The defendant has filed a motion for the production of discovery materials relating to the confidential informant ("CI") referenced in the search warrant affidavit. In making his motion, the defendant asserts that the information requested "only seeks to establish that the information provided was not reliable and the agent's decision in relying on it was not reasonable." [Def. Mot. p.3]. In making this assertion the defendant ignores that the CI's reliability was demonstrably established. The search warrant affidavit contains the following passage:

> In the past, the CI has provided reliable information that I have incorporated into search warrant affidavits. On one occasion, the CI provided me with information that a particular individual possessed two firearms. I included this information in my search warrant affidavit. In the resulting search, I seized both firearms and ammunition and arrested an individual who was later convicted for violations of firearms laws. On another unrelated occasion, the CI told me that a particular individual was selling

>       firearms illegally.  Under my direction and
>       control, the CI then purchased two firearms
>       from this individual.  The investigation of
>       this case is on-going.  The CI has a criminal
>       record that includes convictions for
>       narcotics offenses, among others, and he/she
>       has a history of substance abuse.  The CI
>       receives compensation for the information
>       he/she provides to law enforcement and may
>       have in the past or may in the future receive
>       consideration on criminal cases.

The quoted passage, then, amounts to a sworn averment by Special Agent Campbell that on two occasions in the past the CI had provided accurate information to law enforcement officials that resulted in the seizure of evidence and a conviction on one occasion and a controlled purchase of firearms on another occasion.  See United States v. Cochrane, 896 F.2d 625, 641 (1st Cir. 1990) (representation by police officer affiant that prior information provided by informant had resulted in seizure of a controlled substance and an arrest was sufficient to establish the informant's reliability).  See also 2 Wayne R. LaFave, Search and Seizure, § 3.3(b) at 121 (3d ed. 1996) (a previous track record of reliability on the informant's part "elevates him to the level of presumably reliable sources of information, such as other police and ordinary citizens who happen to be witnesses to or victims of crime").  Nothing more was required to establish the CI's reliability and the Magistrate was entitled to, and did in fact, deem the CI reliable.

In demanding discovery aimed at attacking the reliability of

the CI, the defendant is really seeking discovery to mount a <u>Franks</u> challenge to the affidavit. Yet, the defendant has not submitted any affidavits or otherwise made any showing that there are any deliberately or recklessly false statements contained in the affidavit. Instead, the defendant makes conclusory statements without citing to any record support for such assertions. For example, the defendant asserts that "[t]he CI's false statements to the agent were necessary to explain why the CI had such intimate details of the firearm which would not have been so easily determined by an observer." [Def. Mot. p. 4]. Such conclusory statements, however, without more, are insufficient to support disclosure of information pertaining to the CI and the CI's interactions with the affiant.

The Supreme Court recognized in <u>Franks v. Delaware</u> that there is a presumption of validity with respect to an affidavit supporting a search warrant. <u>Franks v. Delaware</u>, 438 U.S. 154, 171 (1978). The Court further stated that, in order to show entitlement to an evidentiary hearing as to whether a warrant affidavit contains deliberately or recklessly false statements,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

>           Allegations of negligence or innocent mistake
>           are insufficient.  The deliberate falsity or
>           reckless disregard whose impeachment is
>           permitted today is only that of the affiant,
>           not of any nongovernmental informant.
>           Finally, if these requirements are met, and
>           if, when material that is the subject of the
>           alleged falsity or reckless disregard is set
>           to one side, there remains sufficient content
>           in the warrant affidavit to support a finding
>           of probable cause, no hearing is required.

438 U.S. at 171-72.

This plainly is a high standard, and the defendant in this case has not come close to meeting it.  Indeed, defendant has made no showing whatsoever, and, instead, is attempting to go on the proverbial "fishing expedition" in an effort to generate some sort of basis for a Franks motion that, thus far, is wholly lacking.

The First Circuit has addressed the circumstances under which a criminal defendant not yet in possession of sufficient information to mount a Franks challenge may seek discovery in an effort to garner such information.  In United States v. Higgins, 995 F.2d 1, 3 (1st Cir. 1993), the First Circuit recognized that, "[w]hen the government obtains a search warrant based on information provided by a confidential informant, defendants often lack the information required to meet the exacting standards of Franks."  The First Circuit accordingly has held that courts are given discretion in defining the type and scope of discovery prior to a hearing.  Higgins, 995 F.2d at 3-4.  This

discretion is not unbounded, however.  Instead, "the trial judge should retain the discretion to determine what type of hearing is necessary, if any, to determine the veracity of the affiant in cases where the defendant has alleged that the affidavit contains false information, but has failed to make a 'substantial preliminary showing' that the affiant has lied such as that which would require a Franks hearing."  Higgins, 995 F.2d at 2, quoting United States v. Giacalone, 853 F.2d 470, 477-78 n. 1 (6th Cir. 1988).

Given that the information concerns a confidential informant who will not be a witness at trial and is not a percipient witness to any of the events that will be at issue in the trial, it is particularly inappropriate to require disclosure here.  In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court recognized the continuing vitality of the so-called "informer's privilege," noting:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

353 U.S. at 59.

While the Supreme Court held that, where the informant was the sole participant in the offense charged other than the defendant, the privilege had to give way, this plainly is not

such a case, and instead is a case in which the privilege should be preserved. Given that defendant plainly has not established an entitlement to this information, the government and the CI should not have to run the risk that defendant, even if not provided with the identity of the CI, could nonetheless identify the CI from information produced. Thus, this is not simply a case in which defendant is not entitled to the information, but further is a case in which good reason exists for keeping from defendant the information to which he is not entitled.

The bottom line is that defendant, having made no showing at all even to hint that the warrant contains factual inaccuracies, should not be permitted disclosure regarding the CI.

There is, moreover, no support in the caselaw for an exception to <u>Higgins</u> for a defendant who cannot even begin to mount a <u>Franks</u> challenge based on the facts as alleged in the affidavit. A criminal defendant has a constitutionally-derived right under <u>Franks</u> to a hearing if, but only if, he can make a substantial preliminary showing that a search warrant affiant deliberately or recklessly included false information in his affidavit (or omitted certain material information), not a constitutionally-derived right to pursue a <u>Franks</u> challenge in any and all cases.

## CONCLUSION

The Supreme Court's clear directive that <u>Franks</u> hearings not

become occasions for criminal defendants to conduct blind fishing expeditions requires that the Court deny defendant's motion for discovery.

                                        Michael J. Sullivan
                                        United States Attorney

                                        Submitted by:

                                        /s/ William H. Connolly
                                        William H. Connolly
                                        Assistant U.S. Attorney

DATE:    June 28, 2005