UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
04-10309-GAO

UNITED STATES OF AMERICA

v.

KURBY DUMORNAY

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANT KURBY DUMORNAY'S MOTION FOR DISCOVERY**

August 12, 2005

DEIN, M.J.

## I. INTRODUCTION

This matter is before the court on "Defendant's Discovery Motion for Production of Discovery Materials [and] Information Related to Confidential Informant" (Docket No. 16). By his motion, the defendant, Kurby Dumornay ("Dumornay") seeks the disclosure of information regarding the confidential government informant ("CI") who provided facts that supported a search warrant affidavit. Specifically, the defendant moves for production of the following:

(1) Any/all notes/recordings/documents of any kind provided by the CI to the government pertaining to the defendant, specifically reflecting the information pertaining to the firearm (make, model and serial number).

(2) Any promises, rewards or inducements made to the CI.

(3) Any reports or documentation referencing the NCIC inquiry into the serial number of the firearm that is the subject of this case.

(4) Any other involvement of the CI into investigations related to the

    theft of firearms from the same Alabama pawn shop that this firearm was allegedly stolen from.

(5)  Any secret recordings of surveillance, audio, video or otherwise, by the CI or any other government agent related to this case.

(6)  Any document evidencing a contract between the CI and the government.

(7)  Any procedure or protocol requiring the CI promptly to furnish to the government information related to criminal activity.

(8)  Information regarding the CI's prior involvement or criminal history involving firearms, whether or not he was ever charged.

(9)  Information as to whether the CI was facing any allegations/criminal charges during the pendency of this investigation/case.

(10)  The identity of the CI. (Def.'s Mot. at 1-2).

Dumornay contends that this information is potentially exculpatory and relevant to the defense of his case. In particular, the defendant asserts that the information is necessary to show that the CI was unreliable, to demonstrate that the government agent who signed the search warrant affidavit unreasonably relied on the CI, and to support the defense of entrapment.

  For the reasons detailed herein, Dumornay's motion is DENIED WITHOUT PREJUDICE. The production of evidence relating to the CI who provided information in connection with the search warrant affidavit must await at least a preliminary showing that the search warrant affidavit contained material false information or omissions, and that there would have been no probable cause for the search warrant absent the disputed portions of the affidavit.

**BACKGROUND**

Dumornay was indicted for the crime of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) as a result of a search warrant that was based on the representations of a CI and was executed by agents from the Bureau of Alcohol, Tobacco and Firearms ("ATF").  The defendant has presented no evidence in the form of affidavits or exhibits indicating that the search warrant affidavit contained any false or misleading information.  Rather, he argues that the CI was unreliable because he provided ATF with information regarding the make, model and serial number of the firearm forty days after allegedly observing the firearm in Dumornay's possession without an explanation as to how he was able to observe, record and recall that information.  Def.'s Mot. at 3.[1]  Dumornay further argues that the omission of specific information in the search warrant as to the make, model and serial number of the firearm and the means by which the CI was able to identify the firearm also raises an issue as to whether the ATF agent who signed the search warrant affidavit was reasonable in relying upon the CI's representations.  See Def.'s Mot. at 3; Def.'s Memo. at 2-3.  Finally, Dumornay argues that the only person who would have been capable of identifying the make, model and serial number of the firearm was the person who instigated the sale of the firearm to the defendant.  Def.'s 's Memo. at 5-6.  According to Dumornay, if this person is also the CI, his involvement in Dumornay's acquisition of the firearm also would undermine his reliability and would support a defense of entrapment.

---

[1] "Def.'s Mot." refers to the "Defendant's Discovery Motion for Production of Discovery Materials [and] Information Related to Confidential Informant" (Docket No. 16).  "Def.'s Memo." refers to the "Defendant's Memorandum in Support of Motion for Production of Discovery Materials and Information Related to Confidential Informant" (Docket No. 20).

Def.'s Mot. at 4; See also Def.'s Memo. at 5-6.

The government counters that the CI's reliability was demonstrably established in the search warrant affidavit, in which the affiant stated:

> In the past, the CI has provided reliable information that I have incorporated into search warrant affidavits. On one occasion, the CI provided me with information that a particular individual possessed two firearms. I included this information in my search warrant affidavit. In the resulting search, I seized both firearms and ammunition and arrested an individual who was later convicted for violations of firearms laws. On another unrelated occasion, the CI told me that a particular individual was selling firearms illegally. Under my direction and control, the CI then purchased two firearms from this individual. The investigation of this case is on-going. The CI has a criminal record that includes convictions for narcotics offenses, among others, and he/she has a history of substance abuse. The CI receives compensation for the information he/she provides to law enforcement and may have in the past or may in the future receive consideration on criminal cases.

Govt.'s Memo. at 1-2.[2] Thus, the government argues, the affiant's sworn statements regarding the CI's prior record of reliability were sufficient to render the CI's information in this case presumptively reliable. Id. at 2. Moreover, the government contends that the defendant has failed to make any showing suggesting that the search warrant affidavit contained any factual inaccuracies or any deliberately or recklessly false statements that could support the disclosure of information regarding the CI or the CI's interactions with the government. Id. at 3, 6. Finally, during argument the government represented that the CI had been trained to identify and memorize the serial number of the firearm, and that the CI called the number in to the agent promptly. Thus, the

---

[2] "Govt.'s Memo." means the "Government's Memorandum in Opposition to Defendant's Discovery Motion" (Docket No. 17).

government denies that the only way that the CI could have known the make, model and serial number of the firearm was by being involved in the sale of the firearm to the defendant.

### III. ANALYSIS

#### A. The Government's Obligation to Disclose Exculpatory Material

Criminal defendants have no general constitutional right to discovery in criminal proceedings. Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). However, the Supreme Court held in Brady v. Maryland that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). The government's obligation to disclose exculpatory information includes evidence that may be used to substantially impeach the credibility of a government witness. United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985); Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). The touchstone of the government's disclosure obligation is the "materiality" of the information, that is, evidence for which "there is a reasonable possibility that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995) (citing Bagley, 473 U.S. at 682, 105 S.Ct. at 3383).

**B.    <u>Challenging a Search Warrant</u>**

Pursuant to rights secured by the Fourth Amendment, a criminal defendant may challenge the validity or sufficiency of a search warrant based on its supporting affidavit. <u>See</u> <u>United States v. Genao</u>, 281 F.3d 305, 308 (1st Cir.) (finding affidavit sufficient to establish probable cause and upholding validity of warrant), <u>cert.</u> <u>denied</u>, 537 U.S. 901, 123 S.Ct. 216, 154 L.Ed.2d 173 (2002).  If the defendant successfully challenges the warrant by a motion to suppress, the exclusionary rule may bar the admission of evidence discovered as a result of the warrant.  <u>See</u> <u>United States v. Brunette</u>, 256 F.3d 14, 19 (1st Cir. 2001).  As a general matter, there is a presumption of validity with respect to an affidavit supporting a search warrant.  <u>United States v. Valerio</u>, 48 F.3d 58, 62 (1st Cir. 1995) (<u>citing</u> <u>Franks v. Delaware</u>, 438 U.S. 154, 171, 98 S.Ct. 2674, 2685, 57 L.Ed.2d 667 (1998)).  However, a defendant may attack a warrant by showing that the supporting affidavit contained material false statements or omissions and therefore failed to establish probable cause for the search.  <u>United States v. Castillo</u>, 287 F.3d 21, 25 (1st Cir. 2002).

The law is clear that the defendant does not have an automatic right to a hearing when challenging a search warrant.  Rather, as detailed in <u>Franks</u>, 438 U.S. at 171-72, 98 S.Ct. at 2685-86, "in order to gain an evidentiary hearing, a defendant must make a preliminary threshold showing that: (1) the government has made omissions or mis-statements 'with the intent to make, or in reckless disregard of whether they thereby made the affidavit misleading,' and (2) that such omitted facts or misstatements were material."  <u>Indelicato v. United States</u>, 106 F.Supp.2d 151, 160 (D. Mass. 2000).  <u>See also</u> <u>United States v. Castillo</u>, 287 F.3d at 25.  If, at the hearing:

> the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Franks v. Delaware, 438 U.S. at 155-56, 98 S.Ct. at 2676. Dumornay's motion raises the question as to whether the defendant is entitled to discovery in an effort to gather information to make the required preliminary showing.

### C. Discovery Prior to a Franks Hearing

"When the government obtains a search warrant based on information provided by a confidential informant, defendants often lack the information required to meet the exacting standards of Franks." United States v. Higgins, 995 F.2d 1, 3 (1st Cir. 1993). Consequently, courts are given discretion in defining the type and scope of discovery prior to a hearing. See, e.g., id. at 3-4 (it is within the judge's discretion whether to conduct an in camera review of the confidential informant's identity to determine whether it would enable defendant to obtain a Franks hearing). Accord Valerio, 48 F.3d at 62. Since even the "preliminary showing" the defendant is required to make involves several steps, discovery can be staggered accordingly.

As a first step, the defendant must show that the affidavit contains omissions or misstatements. Next, the defendant must show that the affiant knew or should have known that he was relying on unreliable information. See United States v. Santiago, 936 F.Supp. 49, 52 (D.P.R. 1996) ("a *Franks* violation occurs only if the affiant was aware that the informant was lying or if the affiant recklessly disregarded the truth."). Finally, the court must determine whether "there remains sufficient content in the

warrant affidavit to support a finding of probable cause" if the challenged information is disregarded. Franks v. Delaware, 438 U.S. at 171-72, 98 S.Ct. at 2684-85.

There is no question that in analyzing a warrant's validity, a court may assess a source's reliability or personal background. See United States v. Burke, 999 F.2d 596, 598 (1st Cir. 1993) (finding confidential informant's statements reliable because they were based on personal knowledge and corroborated by officer's prior knowledge of defendant); United States v. Campbell, 732 F.2d 1017, 1019 (1st Cir. 1984) (finding confidential informant to be reliable because of lack of criminal history or known criminal contacts); United States v. Levasseur, 699 F.Supp. 965, 986 n.36 (D. Mass.) (finding "beyond question" that the affiant should have provided information concerning the government informant's extensive psychiatric history to the magistrate), rev'd in part on other grounds 846 F.2d 786 (1st Cir.), cert denied, 488 U.S. 894, 109 S.Ct. 232, 102 L.Ed.2d 222 (1988). However, a general statement or general evidence that the individual providing the information was not reliable does not entitle the defendant to a Franks hearing. Rather, the analysis by the court must be fact specific. Here, Dumornay has not challenged specific allegations contained in the search warrant affidavit or shown that the omission of material information from the affidavit was misleading. Nor has she shown that the affiant knew or should have known that he was relying on unreliable information.

This court is not persuaded by the defendant's argument that they only way for the CI to have had the information about the gun was to have been involved in the transaction. Nevertheless, the defendant is obviously free to make this argument in connection with a request for a Franks hearing or in connection with a motion to

dismiss. The information presently being requested is not necessary to present this argument. Similarly, nothing herein reduces the government's obligation to provide exculpatory information, which may include evidence of entrapment if it exists. Since the government has affirmed its commitment to produce discovery required by case law and the Local Rules, no order requiring the government to comply with its obligations is appropriate at this time.

In this court's view, the production of information regarding the CI in this case should await an initial showing, based at least on an offer of proof, that, at a minimum, there are inaccuracies in the affidavit and that if the challenged portions of the affidavit had been omitted, there would have been no probable cause for the warrant. After that, the issue can be revisited, as the trial judge retains "the discretion to determine what type of hearing is necessary, if any, to determine the veracity of the affiant in cases where the defendant has alleged that the affidavit contains false information, but has failed to make a 'substantial preliminary showing' that the *affiant* has lied such as that which would require a Franks hearing." Higgins, 995 F.2d at 2 (quoting United States v. Giacalone, 853 F.2d 470, 477-78 n.1 (6th Cir.), cert. denied, 488 U.S. 910, 109 S.Ct. 263, 102 L.Ed.2d 251 (1988)).

Allowing for discovery of evidence pertaining to a CI's reliability only after an initial showing is consistent with prior case law. For example, in United States v. Williams, 143 F.R.D. 24 (D. Mass. 1992), the court addressed whether the defendant was entitled to discovery concerning the track record of an informant in order to develop a factual basis upon which to file a Franks motion. Relying on United States v. Brian, 507 F. Supp. 761, 766 (D.R.I. 1981), aff'd sub nom, United States v. Southard, 700 F.2d

9

1 (1st Cir.), cert. denied sub nom, Ferris v. United States, 464 U.S. 823, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983), the Williams court ruled that the defendant, "in order to be entitled to any discovery on the issue, must: deny, via affidavit, specific facts attributed to [him] by informants and make some minimal showing of inconsistency on the face of the government's material which supports an assertion of deliberate falsehood or reckless disregard for the truth." 143 F.R.D. at 25 (internal quotations omitted). A similar approach is warranted in this case as well.

### IV.  CONCLUSION and ORDER

For the reasons detailed herein, the defendant's request for discovery concerning the CI who provided information in connection with the search warrant is DENIED WITHOUT PREJUDICE.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge