UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 04CR10309GAO |
| ) | VIOLATION: 18 U.S.C. § 922(G)(1) |
| V. ) | Felon in Poss. F/A, Ammo |
| ) | |
| KURBY DUMORNAY ) | |

### DEFENDANT'S MOTION TO SUPPRESS

Now comes the Defendant and respectfully requests that this Honorable Court suppress all of the physical evidence, taken from the defendant and/or the interior of a residence, which the Government seeks to introduce into evidence in this matter. This evidence includes, but is not limited to: an alleged firearm and ammunition. The defendant states in support of his motion that:

1). the information provided by a confidential informant which formed the basis of the search warrant was not sufficiently reliable;

2). the information provided in the search warrant application was stale and lacked any basis establishing that the item(s) sought would be found at the place to be searched at the time of the search; and

3). there was not a sufficient nexus between the alleged criminal activity and the place to be searched.

The defendant further states that as the seizure of any alleged evidence was in violation of the Fourth and Fourteenth Amendments of the United States Constitution. The defendant further moves to suppress from the use in evidence any statements attributed to him by the police following his unlawful seizure. As reasons therefore, the defendant states that any such statements were "fruits of the poisonous tree." Wong Sun v. United States, 371 U.S. 471 (1963).

## FACTUAL BACKGROUND

The defendant has been charged with being a Felon in Possession of a Firearm and Ammunition. The charges against the Defendant resulted after agents of the Bureau of Alcohol, Tobacco and Firearms executed a search warrant at 7 Colleen Drive in Brockton on March 8, 2004. The search warrant was approved solely on the basis of information provided to an ATF agent by a paid confidential informant (CI) of the government with a criminal record and a prior history of substance abuse.

The affidavit consisted mainly of information provided by the informant alleging that the Defendant was a drug dealer and that "he/she has seen DUMORNAY carrying a firearm on two occasions with the past 40 days" and "on two separate occasions he/she saw DUMORNAY display the firearm to a number of individuals in the Brockton area while outside of his residence". The CI told the agent that on both occasions after displaying the firearm, the Defendant then went into 7 Colleen Drive in Brockton. The agent averred that the CI had been reliable in the past. As a result of the agent's representations and attestation to the CI's reliability, the magistrate issued the search

warrant. The warrant was executed at 7 Colleen Drive resulting in the seizure of a firearm and ammunition.

## ARGUMENT

The Fourth Amendment provides: "The right of the people to be secure in their persons from unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and persons or things to be seized." U.S. Const., amend. 4. Probable cause to issue a search warrant exists when "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The task of the reviewing court is to determine whether "a substantial basis" existed for the magistrate's determination that probable cause existed. Id. Factors to be considered in determining whether a search warrant should issue include "the value of corroboration of details of an informant's tips by independent police work." Id. at 241.

### Reliability

The Defendant contends that the information contained in the affidavit was not sufficiently reliable to justify the issuance of the search warrant. Although the reliability the informant was suggested in the affidavit, the agent cannot "cast a blind eye" to other information that would call into question whether the information provided was actually reliable. According to the government's own reports filed in connection with this case and prior to the search warrant application, the CI had actually provided the government

3

the make, model and serial number of the firearm that the defendant had allegedly possessed. This specific and material information regarding the firearm was then inexplicably omitted from the affidavit. The defendant contends that this information was omitted, as the agent himself had doubts as to its veracity as he was not provided with any information from the CI as to how the CI could determine this information by mere observation of the firearm in the hands of the defendant. The inclusion of this information would have caused any reasonable person to question the reliability of the CI.

By omitting this information, this issue was avoided. The magistrate would have no reason to question the reliability of the CI based upon the affidavit presented. The omission prevented the magistrate from raising questions as how such specific information could have possible been observed from a firearm in the possession of the defendant. It is not credible to believe that the CI could tell the make (Lorcin), model (9MM versus 380 or .32 caliber) and serial number of a firearm possessed by another person. There is no suggestion that the CI has special knowledge or training to discern this information. Factually, there is no evidence to suggest that the CI had such an opportunity for close inspection. All of this information including the serial number could not have been determined unless such close examination was made. No further information as to how the CI gathered such specific information was described by the search warrant affidavit. These considerations raise reasonable and material questions that should have challenged the CI's reliability and yet were avoided by mere omission of this information from the application.

A magistrate must be provided with all information that is known to the government and could form the basis of challenging the alleged reliability of the CI. As a result of this omission, the best evidence known to the government regarding the alleged possession of the firearm was not included in the affidavit. By omitting this information, the government further avoided the requirement of specifying the item sought in the search by omitting this information again. Instead the government then sought and was granted a search warrant to search for all firearms, despite its own specific information that there was only one firearm, which had already been specifically identified.

### Staleness

The defendant contends that information relied as the basis for the search warrant was stale. The evidence of the presence of a gun was so stale and so scant that it did not justify a reasonable suspicion that a gun would be present when the officers entered the house. See United States v. Schaefer, 87 F.3d 562, 568 (1st Cir. 1996) (acknowledging that "an affidavit supporting a search warrant must contain timely information or else it will fail"); United States v. Dauphinee, 538 F.2d 1, 5 (1st Cir.1976) ("It is well established that the temporal proximity or remoteness of the events observed has a bearing on the validity of a warrant."); Rosencranz v. United States, 356 F.2d 310, 315-16 n. 3 (1st Cir. 1966).

The confidential informant told the affiant that he had observed the defendant display a firearm twice within the past 40 days. Ten days later, the affiant applied for the search warrant. The defendant contends that under the circumstances of this case, a time

span of 50 days between the alleged observation of displaying a firearm and the issuance of the search warrant was impermissibly long.

The information contained in the affidavit does not further describe the time other than to suggest such alleged conduct occurred within forty (40) days. The affidavit does not specify whether both alleged "occasions" occurred on the same or different dates nor does it date the most recent occasion. Arguably, both alleged occasions could have occurred an hour apart on the same date, forty days prior to providing such information to the ATF agent on February 26, 2004. The search warrant was not executed until March 8, 2004, ten (10) days after this information was received by the ATF agent. In determining whether the information was stale, the court shall assume that the observation occurred at the most remote date within that time span (viz. 50 days previously). Dauphinee, 538 F.2d at 5 (fn 7).

The court in determining staleness must consider a number of factors including the nature of the information, the nature and characteristics of the supposed criminal activity, the nature and characteristics of the place to be seized, the nature and characteristics of the place to be searched United States v. Moscatiello, 771 F.2d 589, 597 (1st Cir. 1985), vacated on other grounds, 476 U.S. 1138 (1986). All these factors must be considered in light of the likely endurance of the information.

The affidavit is silent as to the nature and characteristics of any ongoing criminal activity. It is not reasonable to suggest that possession of a firearm on one date is likely to continue 50 days later. Although conceding that staleness can be overcome "if the affidavit contains information that updates, substantiates, or corroborates the stale material" there is no basis for such a finding. Emery v. Holmes, 824 F.2d 143, 149 (1st

6

Cir. 1987). Aside from suggesting that the defendant is a "drugdealer," there is similarly no basis for this conclusion or any other suggestion of ongoing criminal activity. In fact based upon the affidavit, the court can only conclude that the fleeting possession was unrelated to any other criminal activity.

There is no basis to believe that the item to be seized would be found at a particular place at the time of a search conducted 50 days later. The search warrant was essentially an anticipatory warrant. The government's evidence was that the defendant carried the firearm *on his person* fifty days prior to the execution of the search warrant. The search warrant offers no basis for believing that the defendant would be present at the time of the search. Despite having ample opportunity to determine if the defendant was present at the time of the search, there is no evidence or independent corroboration that would reasonably result in probable cause to believe that the firearm was in the home. Such an anticipatory warrant required "the magistrate to determine (1) that it is now probable that (2) contraband, evidence of a crime, or a fugitive will be on the described premises (3) when the warrant is executed." United States v. Grubbs, __ U.S. __ (2006) (slip opinion 04-1414).

### Nexus

The defendant contends that the search warrant failed to demonstrate a sufficient nexus between the firearm and the search of 7 Colleen Drive in Brockton. The Court must find that the application must give someone of "reasonable caution" reason to believe that evidence of a crime will be found at the place to be searched." Texas v. Brown, 460 U.S. 730, 742 (1983). The information provided to the magistrate was that

7

on both occasions after displaying the firearm, the defendant went into his residence. The nexus between such criminal activity and the place to be searched is affected by time. What may be a sufficient nexus in close proximity to the criminal activity dissipates over time. The defendant suggests that the nexus that may have existed shortly after the CI's alleged observations had dissipated 50 days later. Although conceding that nexus can be extended on some additional fact, none is present in the instant case. No probable cause exist under circumstances that only demonstrate fleeting possession of a firearm (as no time between the two occasions are specified) will likely be found in a home, where there is no evidence that the defendant is present (or that the home was ever used to store the firearm was ever stored) fifty days later.

For these reasons, the defendant respectfully requests this Court allow his motion and order all evidence resulting this search to be suppressed.

RESPECTFULLY SUBMITTED,

KURBY DUMORNAY
DEFENDANT,

BY: /s/ William McCauley
WILLIAM M. McCAULEY
Beckerman, Bomberg & McCauley
35 Samoset Street
Plymouth, MA 02360
(508) 746-8900
(BBO#562635)

DATED: 5/8/06